IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-123-BO

| | |
|---|---|
| LARRY COBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23 & 29]. A hearing on this matter was held in Elizabeth City, North Carolina on February 27, 2014 at 2:00 p.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On January 26, 2010, plaintiff protectively filed an application for benefits under Title XVI of the Social Security Act, alleging disability beginning on September 15, 2007 due to several alleged impairments including sleep apnea, congestive heart failure, hypertension, obesity, and chronic obstructive pulmonary disease. His claims were denied initially and upon reconsideration. On November 9, 2011, plaintiff appeared and testified before an Administrative Law Judge ("ALJ"). The ALJ issued a decision finding plaintiff not disabled on December 29, 2011. The Appeals Council denied plaintiff's request for review of that decision on December

19, 2012, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff then commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Mr. Cobb suffers from hypertensive heart disease, morbid obesity, and severe obstructive sleep apnea which results in limited stamina, dyspnea upon minimal exertion and sleepiness throughout the day. [Tr. 413–16].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is

2

equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred at step four of the sequential evaluation process. The ALJ's finding that plaintiff's RFC is light is not supported by substantial evidence. Rather a review of the record shows that the proper RFC for plaintiff is less than sedentary. With an RFC of sedentary a finding of disabled is directed by the Medical Vocational Guidelines ("grids").

The ALJ first erred by not giving controlling weight to the medical opinion of plaintiff's treating physician. His treating physician, Dr. Rogers, noted that these conditions cause several functional limitations. Mr. Cobb is unable to walk a full city block without needing rest and could sit for 2 hours at a time and stand for 20 minutes at a time. [Tr. 414]. He could stand or walk less than 2 hours in an 8 hour work day and could sit for 6 hours total. He would need unscheduled breaks two times a day for 10 minutes. He could occasionally lift 20 pounds and frequently lift 10 pounds. [Tr. 415]. Dr. Rogers also noted Mr. Cobb was likely to have good days and bad days and would likely be absent from work 3 days each month. [Tr. 416].

The ALJ gave great weight to Dr. Rogers's opinion regarding Mr. Cobb's lifting ability, but she gave little weight to his opinion regarding Mr. Cobb's ability to stand and walk. [Tr. 19].

3

The lifting restrictions were consistent with her RFC for light work whereas the standing and walking restrictions would have limited plaintiff to an RFC of less than sedentary work. The ALJ argued these restrictions were not necessary because Dr. Rogers's treatment notes did not detail significant abnormalities aside from morbid obesity. *Id.* The ALJ reasoned that Mr. Cobb was capable of light work because his examinations revealed no muscular deficits. *Id.* However, Mr. Cobb is limited in his ability to work because of his poor stamina and inability to remain on his feet, not his muscular strength. In fact, both Mr. Cobb and his physician admitted that he was capable of lifting 20 pounds. [Tr. 38. 415].

The record supports Dr. Rogers's medical opinion regarding Mr. Cobb's standing and walking limitations. The record contains numerous references to his inability to walk around a doctor's office without visible shortness of breath and labored breathing. In April 2008, he visited the ER with persistent shortness of breath and swelling in his ankles and feet. [Tr. 349]. The doctor there noted that he had shortness of breath with movement in the room. *Id.* In February 2009, Mr. Cobb underwent a consultative examination with Dr. Bhatti. Dr. Bhatti noted that he was short of breath as a result of moving from the chair onto the examination table and coming off of the table. [Tr. 311]. Plaintiff was seen in May and June 2010 with complaints of exhaustion. [Tr. 425. 409–11]. In February 2011, Dr. Rogers noted that plaintiff was winded and weak if he exerted himself. [Tr. 420]. In May 2011, plaintiff complained of falling asleep during the day. [Tr. 445].

The regulations state that "[i]f a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted." SSR 96-2p; *see also* 20 C.F.R. § 404.1527(d)(2). Only where there is significant evidence which contradicts the medical opinions of the

claimant's treating physicians, can these opinions not be given controlling weight in the case. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Here the ALJ erred by not giving Dr. Rogers's opinion concerning plaintiff's walking and standing limitations controlling weight as there is no significant evidence in the record that contradicts this opinion. This error is significant as, if Dr. Rogers's opinion is given controlling weight, it restricts Mr. Cobb to the performance of less than sedentary work. Even if Mr. Cobb was given an RFC of sedentary, a finding of disabled would be directed by the grids as he was 50 years old on his application date and has a high school education. [Tr. 20]; *see* 20 C.F.R. Pt. 404, Supt. P, App'x II § 201.14.

Further, the ALJ's credibility determination was flawed. She found that Mr. Cobb's testimony lacked credibility due to his "rather extensive activities of daily living." [Tr. 19–20]. She also cited his appearance to testify at the hearing as proof that he was not disabled. [Tr. 19]. However, none of the activities Mr. Cobb testified to are inconsistent with a sedentary lifestyle. Further, he testified as being limited in his performance of each activity that is consistent with his overall physical complaints. [Tr. 38–40]. The regulations prohibit ALJs from making conclusory findings on credibility, and require their decisions to "contain specific reasons for the finding on credibility, supported by the evidence in the case record." SSR 96-7p; *see also* 20 C.F.R. § 404.1529. Thus, when an ALJ discredits subjective testimony, she must articulate explicit and adequate reasons for doing so. *Hammond v. Heckler*, 765 F.2d 424, 425 (4th Cir. 1985). Here the ALJ failed to cite any reasons for finding Mr. Cobb lacking in credibility which are supported by the evidence of record. Accordingly, her finding must be overturned.

Giving the proper weight to Dr. Roberts's opinion, and making a supported credibility determination results in a finding that Mr. Cobb has, at the very most, an RFC of sedentary. The

substantial evidence in the record supports this. As discussed above, he is disabled under the grids.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Reversal without remand is appropriate where, as here, the record does not contain substantial evidence to support a decision denying disability, and reopening the record for more evidence would serve no purpose. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). Accordingly the Court reverses the decision of the Commissioner and remands to the agency for an award of benefits.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.


SO ORDERED.

This __4__ day of March, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE